**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

**v.**                        **CASE NO. 4:25-CR-00194-BSM-2**

**LAURA YOCUM**                                                **DEFENDANT**

**<u>ORDER</u>**

Defendant Laura Yocum's motion to suppress [Doc. Nos. 48– 49] is denied.

I. BACKGROUND

Law enforcement received information from a cooperating individual (CI) that the CI could purchase fentanyl from Marlon Marbley at a house in Little Rock. Doc. No. 49, Ex. A at 1. The house was owned by defendant Laura Yocum, who allowed Marbley to stay at her home and keep drugs there. *Id*. On August 28, 2025, agents conducted a controlled by with the CI. *Id.* at 2. While in the presence of the agents, the CI placed a facetime call to Marbley requesting to buy drugs, and Marbley directed him to meet at "the same spot," referencing Yocum's house. *Id*. When the CI went into the house, he saw Yocum. *Id*. Marbley retrieved drugs from Yocum's bedroom and gave them to the CI in exchange for money. *Id*. The agents observed from outside the house and met the CI at a location afterwards where the CI gave them the fentanyl that was purchased. *Id.*

On September 24, 2025, the CI informed the agents that he or she had gone to Yocum's house on September 22, 2025, and saw Yocum and Marbley inside along with fentanyl and drug paraphernalia. *Id*. at 4. On September 24, 2025, Detective Dalton Schisler

presented an application for a warrant to search Yocum's house. *Id*. at 7. The state court judge issued the warrant and a search of Yocum's house resulted in a seizure of drugs and drug paraphernalia. Doc. No. 49 at 1, Ex. B. Yocum is now moving to suppress evidence seized at her home. The motion is denied without a hearing.

## II. DISCUSSION

The motion to suppress is denied because the warrant application affidavit contained facts sufficient to establish probable cause. To determine if probable cause exists, the information "within the four corners of the affidavit" must support, given the totality of the circumstances, "a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Montes-Medina*, 570 F.3d 1052, 1059 (8th Cir. 2009); *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

Yocum claims there was not sufficient probable cause because the CI was unreliable. She claims the CI was unreliable because he or she does not have a history of providing reliable information. Doc. No. 49 at 5. The problem for Yocum is that "information from a confidential informant is reliable if the informant has a history of supplying reliable information or if the information provided by the informant is independently corroborated." *United States v. Neal*, 528 F.3d 1069, 1073 (8th Cir. 2008). The agents independently corroborated the CI's information when they watched the facetime call and Marbley told the CI to meet him "at the same spot," suggesting they have a history of conducting drug exchanges at Yocum's house. The agents also orchestrated and were present during the controlled buy in which the CI returned with drugs from Yocum's house and stated Yocum

was there. *See United States v. Pennington*, 287 F.3d 739, 742 (8th Cir. 2002) ("by arranging and monitoring a controlled buy . . . the officers reliably corroborated the CI's information"). The agents corroborated the information the CI was relaying to them, making him or her a reliable CI providing credible information, which sufficiently established probable cause. *See United States v. Wright*, 145 F.3d 972 (8th Cir. 1998) ("statements of a reliable confidential informant are themselves sufficient to support probable cause").

Yocum also argues there was not probable cause because a month lapsed between the controlled buy and the warrant application which rendered the information stale. Doc. No. 49 at 3. This argument fails because just two days before the warrant application was submitted, the CI informed the agents that he or she had purchased drugs at Yocum's house. This information reaffirmed the controlled buy evidence and offered new information about the ongoing criminal activity at Yocum's house. *See United States v. Formaro*, 152 F.3d 768 (8th Cir. 1998) ("'in investigations of ongoing narcotics operations, "intervals of weeks or months between the last described act and the application for a warrant did not necessarily make the information stale."'"). Thus, the information from the controlled buy was not stale and was sufficient to support a finding of probable cause.

Finally, the motion to suppress would be denied even if there was not probable cause because nothing indicates the agents' behavior was "the type of deliberate, reckless, or grossly negligent disregard for the Fourth Amendment" that the exclusionary rule was designed to deter. *United States v. Szczerba*, 897 F.3d 929, 939 (8th Cir. 2018). Indeed, the actions of Detective Schisler and the other agents were objectively reasonable in light of their

knowledge of the relevant events. *See United States v. Norey*, 31 F.4th 631 (8th Cir. 2022) ("inquiry is confined to the objectively ascertainable question whether a reasonably well-trained officer would have known that the search was illegal despite the issuing judge's authorization.").

### III. CONCLUSION

For these reasons, Yocum's motion to suppress [Doc. Nos. 48–49] is denied.

IT IS SO ORDERED this 15th day of July, 2026.

Brian S. Miller
UNITED STATES DISTRICT JUDGE